WILLIAMS, Judge.
Defendant, Wayne Livas, was charged by bill of information with two counts of armed robbery (counts I and IV) and three counts of first degree robbery (counts II, III and V). The State moved to have count I severed and proceeded to trial on the other four charges. A jury found the defendant guilty on counts II, III, IV, and V. The State nolle prosequied count I. Defendant was adjudicated a third offender and sentenced to serve eighty years at hard labor on each count. The sentences to run concurrently and served without benefit of parole, probation or suspension of sentence. Defendant appeals his conviction and sentence.
The defendant was charged with the June 12, 1985 first degree robbery of a cashier at the Canal Street Walgreen’s drug store (count II); the June 13, 1985 first degree robbery of Mondrian Lafayette, a cashier at McCrory’s on Canal Street (count III); the June 18, 1985 armed robbery of Sabrina Ruebush, a cashier at the Woolworth’s on Canal Street (count IV); and the June 19, 1985 first degree robbery of Jeanne Treadway, another cashier at the Canal Street McCrory’s (count V). All of the robberies occurred in a similar manner. In each instance, the suspect approached the cashier with a small purchase. After the cashier rang up the item, the defendant handed the cashier a note in which he demanded money, stated that he had a gun and warned that if the cashier did not follow his instructions she would be killed. In only one instance did the cashier see a weapon. Ruebush testified that the defendant unbuttoned his red plaid shirt and she saw a black object under his T-shirt, tucked into the waistband of his pants. She believed the object to be the handle of a gun. Both Ruebush and Tread-way indicated that the defendant was wearing a red and black plaid shirt. After each incident defendant left on foot with the money in a bag.
*664 The defendant was apprehended after the June 19 robbery at McCrory’s. As he was leaving the store, a security guard followed. The defendant ran into Woolworth’s, the officer in pursuit. The officer, with the help of a guard from Woolworth’s, caught the defendant. The guards returned to McCrory’s with the defendant. Treadway and Lafayette independently identified Livas as the perpetrator. Subsequently, Bockbinder and Ruebush independently identified the defendant. All four victims identified the defendant at trial.
On his behalf, the defendant presented an alibi defense. His girlfriend and two family members claimed that he was with them when each incident occurred.
On appeal, defendant raises two assignments of error. Additionally, we have reviewed the record for errors patent and find none.
In his first assignment of error, defendant claims that the trial court erred in adjudicating him a third offender based upon a prior Alford plea.
The relator was sentenced as a third offender. In one of the predicate offenses, defendant pled guilty to one count of armed robbery and one count of attempt armed robbery, pursuant to the holding in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Under that holding, a plea of nolo contendere and an Alford plea have no significant constitutional distinctions and, have the same identical legal consequences. Id. at 37, 91 S.Ct. at 167.
Under Louisiana Code of Criminal Procedure art. 552(4), “a sentence imposed upon a plea of nolo contendere is a conviction and may be considered as a prior conviction and provide a basis for prosecution or sentencing under laws pertaining to multiple offenses....” Furthermore, at the time the defendant entered his Alford plea, the trial court informed him that the conviction could be used in the future to charge him as a multiple offender. There is no authority to support the defendant’s contention.
We conclude, therefore, that since an Alford plea may be legally equated with a plea of nolo contendere, such a plea may be used as a predicate offense in a multiple offender bill of information. This assignment of error has no merit.
The trial court sentenced the defendant to the maximum sentence as a third offender for each of his first degree robbery convictions, eighty years at hard labor without benefit of parole, probation or suspension of sentence. La.R.S. 14:64.1; 15:529.1. In his second assignment of error, defendant claims that the sentence imposed is unconstitutionally excessive.
The Louisiana Constitution prohibits the imposition of excessive punishment. La. Const, art. 1, sec. 20. A trial court is given much discretion in the imposition of sentences but a sentence, although within statutory limits, may be in violation of a defendant’s constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979).
When reviewing a sentence for ex-cessiveness, the reviewing court will consider whether or not the trial court took cognizance of the criteria set forth in article 894.1 of the Louisiana Code of Criminal Procedure when determining the sentence. Additionally, the reviewing court will consider whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant.
At defendant’s sentencing hearing, the trial judge considered the circumstances of the offenses, the robbery of four female cashiers in a number of downtown stores in a matter of one week. Additionally, the trial court noted that armed robbery is a pernicious offense, and that one of the victims seemed especially traumatized on the witness stand. The trial judge considered the defendant’s criminal background which included an armed robbery and two counts of attempted armed robbery.
The maximum term for armed robbery, first offense is ninety-nine years, for a third offender 198 years. Because the crimes occurred in four separate instances, *665 had the trial court not specified that the sentences were to run concurrently, the sentences would have been imposed consecutively pursuant to Louisiana Code of Criminal Procedure article 883. Considering the circumstances of the case, the nature of the crime, and sentences imposed in other cases, we find that the defendant’s eighty year concurrent sentences on four counts are not excessive.
For the foregoing reasons the judgment of the defendant’s conviction and sentence are affirmed.
AFFIRMED.